UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Smith, #264503, | ) C/A No. 9:10-2386-RMG-BM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Michael McCall, South Carolina Dept. Corr., | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by Petitioner, a state prisoner housed in the Perry Correctional Institution in Pelzer, South Carolina. Petitioner is serving a twenty-five year sentence for conspiracy to traffic more than one hundred grams of crank after having been convicted in Pickens County, South Carolina in February 2000.

Petitioner previously filed a § 2254 petition in this Court on November 10, 2005, challenging this same state court conviction and sentence. *See Smith v. Warden E. Richard Bazzle*, No. 0:05-3142-GRA-BM, (D.S.C. 2005).[1] In that case, Respondent's motion for summary judgment

---

[1] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *see, e.g., Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir.) (1983)(same); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir.)(1980) (federal courts may take judicial notice of proceedings in other courts of record) (citation omitted); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the



1

was granted and Petitioner's § 2254 petition was dismissed with prejudice by this Court. Petitioner appealed to the Fourth Circuit, which denied him a certificate of appealability and dismissed his appeal, on January 23, 2007. *See Smith v. Warden E. Richard Bazzle*, No. 0:05-3142-GRA-BM, (D.S.C. January 23, 2007), ECF No. 26, 27. Petitioner also filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 1, 2007. *See Smith v. Bazzle*, No. 06-7500 (4th Cir. October 10, 2007), ECF No. 27.

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§ 2254] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3)(B) - (E).

---

federal judicial system, if those proceedings have a direct relation to matters at issue")(citations omitted).



Hence, the threshold issue in this case is whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E), which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254.

Pursuant to the cited statute, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order authorizing this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this District Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court conviction and sentence in this Court. Therefore, as Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application for a writ of habeas corpus, the Petition should be dismissed.

**Recommendation**

Accordingly, it is recommended that the instant Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen*

3



*v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 26, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

