| | |
|---|---|
| Randy Smith, #264503, | ) |
| Petitioner, | ) Case No. 9:10-cv-02386-RMG |
| v. | ) ORDER |
| Michael McCall, South Carolina Dept. Corr., | ) |
| Respondent. | ) |

This matter is before the Court upon the Magistrate Judge's recommendation that Petitioner Randy Smith's ("Petitioner" or "Smith") Application for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without issuance and service of process upon Respondent Michael McCall, South Carolina Dept. Corr. ("Respondent" or "McCall"). The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1). A dissatisfied party may object, in writing, to an R&R within fourteen days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Petitioner filed objections to the R&R on or about November 8, 2010.

In the R&R, Magistrate Judge Marchant noted that "Petitioner previously filed a § 2254 petition in this Court on November 10, 2005, challenging this same state court conviction and sentence. *See Smith v. Warden E. Richard Bazzle*, No. 0:05-3142-GRA-BM, (D.S.C. 2005)." (R&R at 1.) Magistrate Judge Marchant indicated that in the 2005 case, the Respondent's motion for summary judgment was granted, and Smith's § 2254 petition was dismissed with prejudice by

this Court. (Id. at 1-2.) Smith appealed to the Fourth Circuit, but the Fourth Circuit denied him a certificate of appealability and dismissed the appeal. (See Doc. No. [26] and Doc. No. [27] in Smith v. Warden E. Richard Bazzle, No. No. 0:05-3142-GRA-BM.)

Magistrate Judge Marchant determined that because Smith had previously filed and litigated a § 2254 petition, the issue in the case *sub judice* was "whether Petitioner has complied with the provisions of § 28 U.S.C. § 2244(b)(3)(A)-(E), which govern an action in which a petitioner, who is in custody pursuant to the judgment of a state court, seeks to present claims in a second or successive habeas corpus application under § 2254." (R&R at 3.) Magistrate Judge Marchant stated,

> Pursuant to the cited statute, when a petitioner has previously litigated a § 2554 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court," . . . "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Such a motion has not been filed in the Fourth Circuit by Petitioner, and such an order authorizing this Court to consider this second § 2254 petition has not been issued by the Fourth Circuit. Consequently, this District Court has no jurisdiction to consider the instant Petition and Petitioner is barred from attacking his state court conviction and sentence in this Court. Therefore, as Petitioner has not obtained an order of the Fourth Circuit Court of Appeals authorizing this Court to consider this second § 2254 application for a writ of habeas corpus, the Petition should be dismissed.

(Id.) Magistrate Judge Marchant thus recommended that the instant § 2254 petition be dismissed without prejudice and without issuance and service of process. (Id.)

As noted above, Petitioner filed Objections to the R&R. Petitioner's objections do not directly address the Magistrate Judge's conclusion that the § 2254 petition should be dismissed because Petitioner has not filed an appropriate motion in the "appropriate court of appeals for an order authorizing the district court to consider the application." (See R&R at 3.) Instead,

Petitioner asserts, *inter alia*, that the Court should "take a practical look at the judicial history and fundamental application of 2244, [sic] it has [never] been proffered to deter a citizen from access to Court on the standing alone that it could be considered a second attempt at justice..." (Objections at 1.) Petitioner seems to assert that as a result of his allegations of "actual and factual innocence of the charges 2254 or rule 60 B does not require Petitioner to obtain leave from federal Court of Appeals with Principles allowed under the purported grounds and the doctrine of a second petition." (Id. at 2.) Petitioner further asserts he could not have previously raised the grounds in the instant § 2254 petition because he "just obtained the ... grand jury transcript which then revealed to him that the testimouns [sic] evidence and information used had nothing to do with Petitioner ..." (Id.) In addition, Petitioner argues he is entitled to equitable tolling. (Id.)

Petitioner's arguments and objections do not address the Magistrate Judge's recommendation. As noted by Magistrate Judge Marchant, 28 U.S.C. § 2244 states, in relevant part,

> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** *Before* a second or successive application permitted by this section is *filed* in the district court, the applicant *shall move* in the appropriate court of appeals for an order authorizing the district court to consider the application.

**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

**(C)** The court of appeals *may* authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b) (emphasis added).

Petitioner does not assert that he has filed the appropriate motion with the Fourth Circuit Court of Appeals, nor does he explain in his objections why § 2244 does not apply. As the Fourth Circuit explained in In re Williams, 364 F.3d 235, 238 (4th Cir. 2004), the "initial determination of whether a claim satisfies" the requirements of § 2244(b)(2) "must be made by a court of appeals." In short, although Petitioner asserts he was not aware of the factual predicate for the instant petition at the time he filed his previous petition, that allegation does not excuse filing the

appropriate motion with the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); see also Williams, 364 F.3d at 238; In re Fowlkes, 326 F.3d 542, 544 (4th Cir. 2003) ("Since Fowlkes has previously filed a section 2254 motion, he may only file a successive section 2254 motion if he receives authorization from this court [(the Fourth Circuit Court of Appeals)] under the standard established in section 2244(b)(3)(C)."); Thomas v. Bodison, No. 6:09-2200-HMH-WMC, at *2 (D.S.C. Nov. 9, 2009) ("In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application."). Because Petitioner does not have authorization from the Fourth Circuit Court of Appeals to file a second or successive § 2254 petition, his petition must be dismissed. Smith's objections are therefore without merit.

It is therefore **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** as the Order of this Court and incorporated herein. The instant § 2254 petition is **DISMISSED** without prejudice and without issuance and service of process.

### Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been meet. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

The Honorable Richard Mark Gergel
United States District Judge

**Charleston, South Carolina**
**November 29, 2010**